UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

GREGORY ROSS                                                                                          PETITIONER

v.                                                                      CIVIL ACTION NO. 3:19-CV-480-JRW-LLK

COMMONWEALTH OF KENTUCKY                                                                  DEFENDANT

### ORDER DENYING HABEAS PETITION

1. The Court **DENIES** Gregory Ross's habeas petition (DN 1).

2. The Court **GRANTS** the Respondent's motion to dismiss (DN 10).

3. The Court **DENIES** as moot the Respondent's extension motion (DN 11).

4. The Court **ADOPTS** Magistrate Judge Lanny King's Findings, Conclusion, and Recommendation (DN 16) in full.

5. The Court **OVERRULES** Gregory Ross's objections (DNs 17 & 18).

6. The Court **DISMISSES** this case.

7. The Court **DENIES** a Certificate of Appealability.

### OPINION

In 2010, Ross pled guilty in state court to custodial interference and sexual misconduct. His guilty plea was part of a pretrial diversion agreement. The details of that agreement are irrelevant. What does matter is that (1) Ross was no longer in state custody after March 2015, and (2) Ross filed this federal habeas petition in 2019.[1]

---

[1] DN 16 at #176 & 177.

The Court lacks jurisdiction over a habeas petition unless the petitioner files the petition while "in custody."[2] This Court therefore lacks jurisdiction to consider Ross's petition, which he filed four years after his state custody ended.

Judge King reached the same conclusion in his Findings, Conclusions, and Recommendation.[3] Ross objected to Judge King's "in custody" holding, arguing that he is still "subject to sex offender laws and registration even after completing the diversion program."[4] But compliance with such sex offender laws and registration does not render someone "in custody."[5] Finally, Ross is not entitled to a Certificate of Appealability because no reasonable jurist would find the jurisdictional question debatable.[6]

*Justin R. Walker*

Justin R Walker, District Judge
United States District Court

May 12, 2020

---

[2] 28 U.S.C. § 2254(a); *see also*, *Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018).
[3] DN 16.  Because the jurisdictional conclusion is dispositive, there is no need to address Judge King's other conclusions, or Ross's objections to them.
[4] DN 17 at #182.
[5] 887 F.3d at 744.
[6] *See Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000); *see also*, *Moody v. United States*, No. 19-5015 (6th Cir. May 6, 2020) (Thapar, J.) (In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect.").